UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAYLEY STRAZ,

    Plaintiff,

CASE NO.:

v.

FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HAYLEY STRAZ, by and through undersigned counsel, brings this action against Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk City County, Florida.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant operates a corrections facility in Polk City, in Polk County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

11. At all times material hereto, Plaintiff was an employee of Defendant.

12. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## **FACTS**

13. Plaintiff began working for Defendant on June 2016 as a corrections officer, and she worked in this capacity until September 2016.

14. Plaintiff is female, thus, Plaintiff is a member of a protected class, and as such benefits from the protections of Title VII and the FCRA.

15. Plaintiff was sexually harassed by her sergeant on a daily basis.

16. Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

17. In July 2016, Plaintiff complained about this discrimination to Defendant.

18. In fact, Defendant conducted its own investigation and confirmed that Plaintiff was sexually harassed by her sergeant.

19. In response, Defendant took no remedial action.

20. Instead, on September 3, 2016, Defendant terminated Plaintiff's employment in retaliation for complaining about the sexual harassment to which she was subjected.

## COUNT I – TITLE VII VIOLATION
### (SEXUAL HARASSMENT)

21. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

22. Plaintiff is a member of a protected class under Title VII.

23. Plaintiff was subjected to unwelcome harassment on the basis of her sex, specifically, sexual harassment.

24. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

25. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

26. Defendant's actions were willful and done with malice.

27. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of Title VII by Defendant;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

28. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

29. Plaintiff is a member of a protected class under Title VII.

30. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

31. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by reporting the sexual harassment to which she was subjected.

32. Defendant's actions were willful and done with malice.

33. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

34. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising [prompt, his or her] rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained;

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (SEXUAL HARASSMENT)

35. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

36. Plaintiff is a member of a protected class under the FCRA.

37. Plaintiff was subjected to unwelcome harassment on the basis of her sex.

38. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, including but not limited to termination of her employment.

39. In response, Defendant failed to intervene or take prompt and effective remedial action.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    a) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    b) Any other compensatory damages, including emotional distress, allowable at law;

    c) Punitive damages;

    d) Prejudgment interest on all monetary recovery obtained;

    e) All costs and attorney's fees incurred in prosecuting these claims; and

    f) For such further relief as this Court deems just and equitable.

## COUNT IV– FCRA RETALIATION

42. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

43. Plaintiff is a member of a protected class under the FCRA.

44. Plaintiff engaged in protected activity under the FCRA by reporting the sexual harassment to which she was subjected.

45. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

46. Defendant's actions were willful and done with malice.

47. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

48. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

d) A jury trial on all issues so triable;

e) That process issue and that this Court take jurisdiction over the case;

f) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

g) Compensation for lost wages, benefits, and other remuneration;

h) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

i) Front pay;

j) Any other compensatory damages, including emotional distress, allowable at law;

k) Punitive damages;

l) Prejudgment interest on all monetary recovery obtained;

    m)    All costs and attorney's fees incurred in prosecuting these claims; and

    n)    For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13 day of December, 2017.

Respectfully submitted,

/s/ Brandon J. Hill

**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: mcambronero@wfclaw.com
**Attorneys for Plaintiff**